EDWIN C. SWIFT *vs.* JOHN CARR & another.

Essex. Nov. 2, 1887. — Jan. 6, 1888. DEVENS & KNOWLTON, JJ., absent.

A. and B. were in partnership under the name of B. and Company. B. withdrew from the firm, and A. carried on the business under the same firm name. Subsequently, A. sent to C., with whom the former partnership had had dealings, a letter with the printed heading, " A., under firm name of B. and Company." This letter was received by C. *Held*, that this heading was admissible in evidence on the issue whether C. had notice of the withdrawal of B. from the firm.

WRIT OF ENTRY, to recover a parcel of land in Newburyport, brought against John Carr and Elizabeth H. Carr, his wife. John Carr filed a plea of disclaimer, and died after the action was brought and before the trial, and his heirs came in under the same plea. Elizabeth H. Carr filed a plea of *nul disseisin*. Trial in the Superior Court before *Hammond*, J., who allowed a bill of exceptions, in substance as follows:

The demandant claimed title by virtue of a deed made to him, as purchaser at a sale duly made on a levy of an execution by a deputy sheriff, which execution was duly issued, after trial and judgment for the plaintiffs, in an action brought by Gustavus F. Swift and another, copartners under the firm name of Swift Brothers and Company, against said John Carr and Edward F. Coffin, as copartners under the firm name of Carr, Brown, and Company.

Said lot of land was attached on mesne process, in the above-named action, on April 5, 1884, and the execution was levied in due time and form, so that said attachment was in full force up to the time of said levy.

The tenant, Elizabeth H. Carr, claimed title by virtue of two deeds: the first, from John Carr to his daughter, Elizabeth M. Carr; and the second from said Elizabeth M. Carr to the tenant, Elizabeth H. Carr. Both deeds were dated March 1, 1880, and were both recorded on November 21, 1884.

The causes of action in the suit on which the attachment was made were five promissory notes, indorsed " Carr, Brown, and Company." These notes were delivered to Gustavus F. Swift, senior member of the plaintiff firm, in payment for horns sold by him through his agent, Tuttle Culver, residing in New York

city, in pursuance of a contract entered into by the acceptance of a written proposition, and which, before maturity, became the property of said firm of Swift Brothers and Company.

Gustavus F. Swift had for two years before, in the years 1881 and 1882, through his agent, Tuttle Culver, sold horns to Carr and Coffin, under the firm name of Carr, Brown, and Company, and said Culver knew them as copartners under that firm name.

John Carr went to Chicago in May, 1883, and received said horns, and delivered on his arrival, about May 21, in part payment for the same, two of said five notes, one for $2500, and the other for $2000.

Culver met said Carr when he arrived in Chicago, and went with him to Gustavus F. Swift's place of business, introduced him to said Swift, and saw him deliver said notes.

Edward F. Coffin testified that he hired Carr to go and receive said horns, but there was no evidence that either Culver or Swift knew of such hiring. Coffin also testified that, when Culver was in Newburyport, on January 9, 1883, arranging with him for a settlement of a small balance due for the previous year's horns, he told him he was going to take the business, and that thereafter he was Carr, Brown, and Company. Coffin also testified that said firm of Carr, Brown, and Company was dissolved on February 1, 1883, and Carr retired from the firm on that date.

Culver testified that no such conversation took place, and that he had no notice of the dissolution of the firm of Carr, Brown, and Company until after the maturity of the five notes in the fall. Culver was the general agent of G. F. Swift.

As evidence bearing on the question of notice of dissolution of the firm of Carr, Brown, and Company, and of the withdrawal of John Carr therefrom, and to show that Swift Brothers and Company were not creditors of John Carr at the time of said attachment, in consequence of said notice, the tenant, Mrs. Carr, offered evidence that two letters, one bearing date June 18, 1883, and the other July 9, 1883, each containing one of the five notes, in part settlement for said horns, were mailed on those dates to Gustavus F. Swift, said letters having a printed letter-head as follows: " Edward F. Coffin, under firm name of

Carr, Brown, and Company, manufacturer and dealer in horn combs, tips, and waste, Newburyport, Mass." To the admission of this evidence the demandant excepted.

The jury returned a verdict for the tenant; and the demandant alleged exceptions.

*F. Hutchinson*, for the demandant.

*F. W. Hale*, for Mrs. Carr.

W. ALLEN, J. At the trial it was deemed to be a material question whether John Carr was liable as a member of the firm of Carr, Brown, and Company to one Gustavus F. Swift, upon certain notes given by the firm to Swift. In 1881 and 1882 Carr and one Edward F. Coffin were copartners, under the name of Carr, Brown, and Company, and had transactions with Swift. Similar transactions were had between Carr, Brown, and Company and Swift in 1883, in the course of which five notes indorsed by the firm name were given by the firm to Swift in April, June, and July of that year. There was evidence that the firm was dissolved on February 1, 1883, and that Carr then retired, and that the business was afterwards carried on by Coffin alone, in the name of Carr, Brown, and Company. As evidence that Swift had knowledge that the firm had been dissolved, and that Carr was not a member, the defendant offered in evidence the printed letter-head of two letters dated respectively in June and July, 1883, sent to Swift, each containing one of the notes before mentioned, which letter-head was in these words: "Edwin F. Coffin, under firm name of Carr, Brown, and Company, Manufacturer and dealer in horn combs, tips, and waste, Newburyport, Mass." The only exception is to the admission of this evidence. The question is not as to the weight or sufficiency of the evidence, but only as to its competency. There was evidence that the letters were received by Swift, because he received the notes which were enclosed in them. That the statement at the head of the letter, that the name Carr, Brown, and Company, the indorser and sender of the note, was the business name of Coffin, was some evidence that Swift had notice that Carr had retired from the business, seems too plain for argument. The question whether that with the other evidence reported was sufficient, is not open on the exceptions.

*Exceptions overruled.*